UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| AARON NORTHROP,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, *Warden*,<br><br>    Respondent. | CIVIL ACTION NO. 5:15-CV-235-KKC<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Petitioner Aaron Northrop is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center-Lexington, located in Lexington, Kentucky. Northrop has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]; an amended § 2241 petition [R. 5]; and a motion seeking immediate injunctive relief [R. 2]. Northrop has paid the $5.00 filing fee. [R. 1]

    The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Northrop's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Northrop's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For the reasons set forth below, however,

1

Northrop's § 2241 petition and amended § 2241 petition will be denied; his motion seeking immediate injunctive relief will be denied, and this proceeding will be dismissed.

## NORHTHROP'S LITIGATION HISTORY

In December 1992, Northrop was indicted for violating 18 U.S.C. §§ 401(3) and 1958, 21 U.S.C. §§ 841(a)(1), 846 and 848, and 26 U.S.C. § 5861 (c) and (f). *United States v. Aaron B. Northrop*, No. 3:92-CR-32-VLB -1 (D. Conn. 1992). In March 1993, Northrop pleaded guilty to conspiring to distribute cocaine and marijuana; engaging in a continuing criminal enterprise; making and possessing a destructive device; and two counts of using interstate commerce in the commission of a murder-for-hire. In October 1993, Northrop was sentenced to a 600-month prison term, and on November 1, 1994, the Second Circuit affirmed his conviction and sentence. *United States v. Northrop*, 40 F.3d 1238 (2d Cir. 1994). According to the BOP's website, Northrop's projected release date is February 27, 2036. *See* http://www.bop.gov/inmateloc/ (last visited on November 18, 2015).

Prior to filing the instant § 2241 petition in this Court, Northrop filed five (5) separate unsuccessful motions seeking to set aside his sentence under 28 U.S.C. § 2255, and six (6) unsuccessful habeas petitions under 28 U.S.C. §2241 in various district courts around the country, in which he collaterally challenged his conviction and sentence on various grounds. *See Northrop v. Hudson*, No. 9:13-CV-630-NAM (N.D.N.Y. June 20, 2013) [R. 3, pp. 2-9 therein] (summarizing Northrop's extensive post-conviction litigation history under both § 2255 and § 2241). It is unnecessary to recite the details of ten of those post-judgment challenges, but one case warrants discussion in relation to his this § 2241 proceeding.

On November 29, 2000, Northrop filed a § 2241 habeas petition in a California federal court, arguing that his prosecution was a "'*qui tam action*' against him for

nonpayment of taxes and penalties, that he was improperly imprisoned by the federal government in order to enforce payment by him of monies allegedly owed, and that there was no Congressional authority for his imprisonment for nonpayment of debt." *Aaron Ben Northrup v. United States et al.*, No. 2:00-CV-12596-R-MAN (C. D. Cal. 2000) [R. 1, therein]. Northrop alleged that his plea was involuntary because the indictment did not inform him that the offenses to which he pleaded guilty were actually tax offenses, and that counsel was ineffective for not explaining these alleged defects. [*Id.*] On January 19, 2001, the district court dismissed Northrop's § 2241 petition without prejudice, finding that Northrop's remedy, if any, was to file a section 2255 motion, and that Northrop had failed to demonstrate that his remedy under § 2255 had been an inadequate or ineffective means of challenging his federal detention. [*Id.*, R. 10, therein]

On August 14, 2015, Northrop filed in this Court what appears to be his seventh § 2241 habeas petition [R. 1], and on November 12, 2015, he filed an Amended § 2241 petition [R. 5]. The factual allegations and legal arguments contained in both submissions are difficult, if not impossible, to comprehend. Northrop repeatedly employs various Uniform Commercial Code ("UCC") terms and trust and estate terms and phrases; refers to himself throughout his submissions as the "executor" of his "estate;" and describes his prison sentence as either a "debt" owed to the United States, *see* R. 1, p. 12, ¶ 43, or a "Statement of Account," *see id.*, pp. 7-9. Northrop also alleges that he filed a "UCC-3 Financing Statement Amendment in which he purportedly assigned "property and interest in property to the United States of America in the amount of $5,861,740.00." [*Id.*, pp. 9-10, ¶ 29] Affording Northrop's § 2241 petition as broad of a construction as possible, he appears to compare his criminal prosecution and resulting conviction and sentence to some type of debt or other form of commercial transaction gone awry, arguing that because he has

3

satisfied his "debt" under the provisions of the UCC, the District of Columbia Code, or other commercial statutes, he is therefore entitled to release from federal custody.  Northrop also appears to be re-asserting the same "tax-payer" argument which he unsuccessfully asserted fifteen years ago in *Aaron Ben Northrup v. United States et al.*, No. 2:00-CV-12596-R-MAN (C. D. Cal. 2000).  *See* § 2241 Petition, R. 1, p. 5, ¶ 8.  Northrop has also filed a motion [R. 2] seeking an injunction which would prohibit the Respondent from retaliating against him, and which would instruct  the Respondent to allow him to obtain, possess, and/or file UCC financing statements and/or other financial documents.

## DISCUSSION

Even under the broad framework of § 2243, it does not "plainly" appear from the petition and any attached exhibits that Northrop is entitled to relief.  If Northrop intended to convey legal argument(s) other than what the Court has strained to construe from his submission, he has utterly failed to do so.  Northrop articulates no facts or legal theories that would support relief under § 2241; indeed, his byzantine assertions and arguments remain a mystery which only he understands.   Northrop employs a series of bizarre language, phrases, and terms, which have no connection either to each other or to his federal criminal conviction and sentence.  Northrop does not explain the basis of his habeas claims in plain and simple terms, nor does he articulate what type of relief he is seeking in this action.  Northrop's filings are so rambling, indecipherable, and disjointed, that they violate Federal Rule of Civil Procedure 8(a)(1)-(3), which requires a civil litigant to state a claim for relief containing:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

4

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The resources of the federal judiciary are limited, and this Court is not required to speculate about what a plaintiff or petitioner—even a *pro se* plaintiff or a *pro se* habeas petitioner—is alleging, particularly one who has availed himself so regularly of the legal process in the federal court system. Again, *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), but a *pro se* litigant must still "abide by the rules of the court in which he litigates." *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Northrop's § 2241 petition and amended petition consist of a rambling stream of phrases and ambiguous references to UCC law (and other legal jargon) which have no bearing on either his criminal conviction or his 600-month sentence. Simply put, neither Northrop's § 2241 petition nor his amended § 2241 petition make any sense in the context of his criminal conviction and sentence and for that reason, both petitions must be denied. Other courts have reached the same result when faced with such nonsensical submissions. *In Mitchell v. City of Nashville*, No. 3:08-CV-0844, 2008 WL 4646169, at **1-2 (M.D. Tenn. Sept. 25, 2008) the district court dismissed, *sua sponte*, the three handwritten pages filed a *pro se* litigant, describing them as "…disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings." The court determined that the filings violated Rule 8(a). In *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 WL 3166715, at *6 (E.D. La. July 7, 2014), the district court dismissed the *pro se* plaintiff's complaint because it did not comply with Rule 8(a), finding that the complaint was

5

"…written in an impenetrably dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about Defendants [sic] behavior"). *See also DiCosola v. CitiMortgage, Inc.*, No. 11 C 2308, 2011 WL 4808188 (N.D. Ill. Oct. 11, 2011) (dismissing indecipherable claims); *Langham v. Bank of America, N.A.*, No. 13-CA-835, 2013 WL 6667707 (W.D. Tex. Dec. 16, 2013) (dismissing disjointed and conclusory allegations for failure to comply with Rule 8(a)); *Sawyer v. Wright*, 471 F.App'x 260, 261 (5th Cir. 2012) (affirming dismissal where the plaintiff's incomprehensible and disjointed allegations failed to allege subject-matter jurisdiction). Here, Northrop has not described or identified his claims in plain and simple language, and this Court lacks the time, resources, and inclination, to decipher Northrop's convoluted, confusing arguments and inapplicable analogies to UCC law/commercial and trust and estates law, and apply them to the facts of his case which he has not adequately set forth in any of his filings.

Even a liberal construction cannot save Northrop's difficult-to-parse and convoluted pleadings. To survive the Court's preliminary review, a litigant must plead sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The writ of habeas corpus may be granted only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3) and 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Northrop has not alleged facts which even remotely suggest that he is being held in custody in violation of the U.S. Constitution or other federal laws. The disjointed, convoluted allegations and analogies which Northrop does set forth are neither convincing nor relevant. Simply put, Northrop's federal conviction and 600-month sentence are not the creations of civil commercial transactions, UCC transactions, or state law fiduciary relationships, and as one

federal court of appeals has explained in a similar proceeding, a federal prisoner's "…use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws." *Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011); *see also Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) ("Neither the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of his imprisonment under 28 U.S.C. § 2241.")

Numerous district courts, including this one, have reached the same conclusion in § 2241 habeas proceedings when faced with similar "commercial law" claims and analogies similar to the convoluted claims which Northrop asserts in his § 2241 petition. *See*, *e.g.*, *Harris v. Holland*, No. 6;15-CV-2-KKC, 2015 WL 2401345, at \*2 (E. D. Ky. May 18, 2015) (denying a § 2241 petition wherein prisoner argued that the government's refusal to accept a promissory note from him in full satisfaction of the alleged $4 million penalty violated state law versions of the U.C.C. and his rights under the federal Constitution); *Miller v. Brown*, No. 1:12-CV-01589-LJO-BAM (PC), 2015 WL 6150844, at \*2 (E. D. Cal. Oct. 16, 2015) ("Plaintiff's references to concepts of commercial law are unavailing; the law governing commercial transactions cannot be used to upset criminal convictions, even collaterally."); *Brzezinski v. Smith*, No. 12-14573, 2013 WL 2397522, at \*3 (E.D. Mich. May 31, 2013) ("The UCC speaks only to commercial law and does not provide a proper basis for appealing a criminal conviction, writing a habeas petition, or bringing a civil rights action.... Any appeal, habeas petition, or civil rights action that relied on the UCC would be frivolous."); *Crawford v. U.S. Bureau of Prisons*, No. 10-3108-RDR, 2010 WL 2671986, at \*1, n.4 (D. Kan. June 30, 2010) ("The United States district courts are authorized to grant a writ of habeas corpus to a prisoner only upon a showing by the prisoner that he is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §

2241(c)(3). The Uniform Commercial Code (UCC) is not relevant to petitioner's federal conviction, and is not itself federal law."); *Williams v. Bell*, No. 04-CV72711-DT, 2005 WL 2179311, at *1, n.2 (dismissing § 2241 petition as "wholly frivolous," where the petitioner sought release from custody on the basis of an alleged violation of the UCC, explaining that "The UCC is not relevant to Petitioner's state conviction, and it is not federal law.")

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Northrop is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which fall under the ambit of § 2241. Instead, Northrop appears to be challenging his conviction and sentence by making convoluted and nonsensical analogies to commercial and state law fiduciary concepts. But a federal prisoner may challenge the legality of his

detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307;, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Northrop has not established that his remedy under § 2255 was inadequate or ineffective, and as noted, he has unsuccessfully attempted to collaterally challenge his conviction and sentence under that statute on many occasions. Likewise, Northrop has not alleged any claim based upon a new rule of law made retroactive by a Supreme Court case. In both his original and amended § 2241 petitions, Northrop lists and refers to a myriad of federal statues in haphazard fashion, but he fails to explain in any comprehensible manner how those statutes relate to his conviction and sentence or support granting him relief under § 2241. Therefore, Northrop has not alleged any basis for granting him relief under § 2241.

The Court will also deny Northrop's motion for an injunction which would purportedly prevent the Respondent from retaliating against him, and which would purportedly require the Respondent to allow him to obtain or possess "UCC" financing

9

statements.  Generally, the moving party bears the burden of establishing his entitlement to a preliminary injunction.  *See Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  In addressing a motion for a preliminary injunction, a court should consider:  (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction.  *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004); *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).  "These factors are not prerequisites, but are factors that are to be balanced against each other."  *Overstreet*, 305 F.3d at 573.  Usually, the failure to show a likelihood of success on the merits is fatal.  *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Northrop has not demonstrated any likelihood of success on either of these claims, so he has not satisfied the first criterion of the analysis.  Northrop has not alleged that he has administratively exhausted his retaliation claim, and a prisoner must exhaust any claims which challenge the conditions of his confinement (such as his concern that he may be the subject of retaliation and/or that he does not have access to certain documents) through the BOP's administrative remedy procedure, 28 C.F.R. §§ 542.15-18, before he can assert them in a judicial proceeding.  Lacking a fully developed administrative record, the Court cannot fully assess Northrop's allegation that prison officials have retaliated against him in any respect.

Further, a retaliation claim, even if properly exhausted and alleged, must be brought under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not in a § 2241 habeas petition. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Thus, if Northrop intends to assert a First Amendment claim alleging retaliation, he must file a *Bivens* civil rights action after fully exhausting his retaliation. Northrop is advised that the filing fee for a *Bivens* action is $400, not $5.00, but he may request *in forma pauperis* status if he elects to file a civil rights action. Northrop cannot, however, circumvent the BOP's administrative remedy process by filing a broadly worded motion seeking injunctive relief in a § 2241 habeas corpus proceeding. As for Northrop's peculiar allegation that he is being denied access to UCC financing statements, the Court has previously explained herein that the UCC has no bearing on any legitimate request for habeas relief under 28 U.S.C. § 2241, so Northrop's assertion that he has been denied access to UCC financing statement forms does not support his allegation that he has been the victim of retaliation.

As for the second criterion of the injunctive relief analysis, Northrop has not demonstrated that he will suffer irreparable injury without an injunction as to either of his allegations. As for the third and fourth criteria of the analysis, Northrop does not allege that others would suffer harm if the injunctive relief is denied, nor has he demonstrated that the public interest would be adversely affected if the injunction is denied. Indeed, such an injunction could constitute harm. "In the context of prison management ... the status quo is to allow the BOP to manage its facilities and the prisoners incarcerated there. A restraining order would disturb the status quo and encroach on the BOP's discretion." *Smith v. Sniezak*, No. 4:07-CV-0306, 2007 WL 642017, *2 (N.D. Ohio February 27, 2007).

The courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); 482 U.S. 78 (1987); *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987).

In summary, Northrop's attempt to analogize his conviction and sentence to some type of UCC commercial transaction and/or trust and estate fiduciary relationship does not establish grounds entitling him to relief under § 2241. Northrop's § 2241 petition and amended § 2241 petition will be denied, as will his motion seeking immediate injunctive relief, and this proceeding will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Petitioner Aaron Northrop's petition for a writ of habeas corpus [R. 1] and his amended § 2241 petition [R. 5] are **DENIED**.

2. Northrop's motion seeking an injunction which prohibits the Respondent from retaliating against him, and which directs the Respondent to allow him to obtain, possess, and/or file Uniform Commercial Code financing documents [R. 2] is **DENIED**.

3. The Court will enter a judgment contemporaneously with this Memorandum, Opinion and Order.

4. This matter is **STRICKEN** from the docket

Dated November 19, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY